UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

                                              CASE NO.: 11-02955-3G3

MARK DOUGLAS RUBLE and
MARGIE KAY RUBLE,

    Debtors.
_____/

## DEBTORS' AMENDED PLAN UNDER CHAPTER 13

    The Debtors, MARK DOUGLAS RUBLE and MARGIE KAY RUBLE, hereby submit the following Amended Chapter 13 Plan:

    The future earnings of the Debtors are submitted to the supervision and control of the Trustee, and the Debtors shall pay to the Trustee the sum of $1,815.00 per month for a period of 36 months. The fees and expenses of the **Trustee** shall be paid over the life of the plan at the rate of 10% of the amount of all payments under the Plan.

    From the payments so received, the Trustee shall make disbursements as follows:

1)    **J. HERBERT WILLIAMS, ATTORNEY FOR DEBTORS**
J. Herbert Williams, attorney for Debtors has a claim for attorney fees in the amount of $1,500.00:

Monthly payment:
Plan months:                Amount: $750.00


2)    **CAMPUS USA CREDIT UNION**
       **ACCT. #:...-1556**
Total Claim in the amount of approximately $50,083.79. The debtors are current on this homestead mortgage and will continue to pay this creditor directly outside the plan.


3)    **FORD MOTOR CREDIT**
       **ACCT. #: ...-2260**
Total Claim in the amount of $7,831.59.
Collateral description: 2006 Ford F-150 Truck (purchased 1/2006)
Trustee will pay this creditor $8,449.92 to include interest of 5%.

Monthly payment:
Plan months: 1 - 36      Amount: $234.72

4) **FREEDOM ROAD FINANCIAL**
   **ACCT. #: ...-3317**

Total Claim in the amount of $14,632.17.
Collateral description:  2005 Harley Davidson (29,500.00 miles - purchased 7/28/2007)
Trustee will pay this creditor $15,787.44 to include interest of 5%.

Monthly payment:
Plan months:   1 - 36          Amount:   $438.54

5) **DISTRIBUTION TO UNSECURED CREDITORS:**

After payment of claims listed above the Trustee shall distribute all remaining sums pro rata among those unsecured creditors whose claims are timely filed and allowed, including secured creditors who have deficiency claims or whose liens have been avoided. Where collateral is being surrendered in full satisfaction of the claim the trustee will make no distribution on the creditor's claim.

6) **POST-PETITION CLAIMS** allowed under 11 U.S.C. §1305 shall be paid in full in equal monthly installments, which installments commence on the date of the allowance of said claim and conclude on the last payment under the Plan.

7) **OTHER PROVISIONS**

   A.    To satisfy the requirements of Section 365 of the Bankruptcy Code, debtors expressly assume all of their leases and executory contracts in which they are now a party and no lease or executory contract entered into by debtors is being rejected. Payments to lessors will be paid directly and there shall be no reduction in the Chapter 13 plan payment for these direct payments.

   B.    Title to all property of the estate shall revest in the Debtors upon confirmation of this plan.

   C.    All creditors shall retain their liens to the extent permitted by 11 U.S.C. Section 506(d).

   D.    Any claims filed after the claims bar date shall receive no distribution under this Plan unless specifically provided for above or unless debtors file the same on behalf of a creditor.

   E.    Upon confirmation of this plan by the Court, the debtors will be deemed to have complied with all their required duties to provide or file all of the information required under 11 U.S.C. Section 521 subsections (a)(1), (b), (c), (e) and (i).

      F.    Confirmation of the plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtors to do all of the following:

      1.    To apply the payments received from the trustee on the prepetition arrearages, if any, only to such arrearages. For the purposes of this plan, the "prepetition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this case.

      2.    To deem the prepetition arrearages as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the prepetition default or defaults.

      3.    To apply the direct post-petition monthly mortgage payments paid by the trustee or by the Debtors to the month in which each payment was designated to be made under the plan or directly by the Debtors, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account.

      4.    Any post-petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtors' completion of the plan, unless specifically provided for in the confirmation order, or by further order of the Court on motion filed prior to completion of the plan.

DATED this 24th day of August, 2011.

J. HERBERT WILLIAMS, P.A.


BY:    /s/ J. HERBERT WILLIAMS
        J. HERBERT WILLIAMS
        702 S. MAGNOLIA AVENUE
        SUITE 2
        OCALA, FLORIDA  34471-0987
        (352) 629-6000
        FAX (352) 387-1694
        Florida Bar No. 0604471
        Attorney for Debtors